UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 18-_01349_____ ) |
| Defendant No. 1: CONTENTS OF CORNER-STONE BANK, ACCOUNT # XXXX069, STYLED AS CANADIAN WEST, D/B/A CENTURY ROOFING IN THE APPROXIMATE AMOUNT OF $488,074.56; | ) ) ) ) ) ) ) |
| Defendant No. 2: CONTENTS OF CORNER-STONE BANK, ACCOUNT # XXXX077, STYLED AS CANADIAN WEST, D/B/A CENTURY ROOFING, IN THE APPROXIMATE AMOUNT OF $2,643.96; | ) ) ) ) ) ) |
| Defendant No. 3: CONTENTS OF ARVEST BANK ACCOUNT # XXXXX836, STYLED AS BC ROOFING, LLC, IN THE APPROXIMATE AMOUNT OF $3,073.45; | ) ) ) ) ) |
| Defendant No. 4: APPROXIMATELY $5,410.00 IN UNITED STATES CURRENCY; | ) ) ) |
| Defendants. | ) ) |

**COMPLAINT FOR FORFEITURE IN REM**

Plaintiff, United States of America, by and through its attorneys, Stephen R. McAllister, United States Attorney for the District of Kansas, and Annette Gurney, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**NATURE OF THE ACTION**

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the above-captioned defendants, for violations of 8 U.S.C. § 1324.

## THE DEFENDANTS IN REM

2. The defendants consist of:

A. The contents of Cornerstone Bank account # xxxx069, styled as Canadian West, d/b/a Century Roofing in the approximate amount of $488,074.56, which were seized on or about June 14, 2016.

B. The contents of Cornerstone Bank account # xxxx077, styled as Canadian West, d/b/a Century Roofing in the approximate amount of $2,643.96, which were seized on or about June 14, 2016.

C. The contents of Arvest Bank account # xxxxx836, styled as BC Roofing, LLC., in the approximate amount of $3,073.45, which were seized on or about June 14, 2016.

D. Approximately $5,410.00 in United States currency recovered from the Century Roofing office on or about June 14, 2016.

3. The defendants are currently in the custody of United States Immigration and Customs Enforcement (ICE) and deposited with the United States Custom and Border Protection (CBP).

## JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355.

4. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. 1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and/or pursuant to 28 U.S.C. § 1395, because the defendants were located in this district.

## BASIS FOR FORFEITURE

6. The defendants are subject to forfeiture pursuant to 8 U.S.C. § 1324(b) because the gross proceeds obtained from violations of 8 U.S.C. § 1324(a) or are property traceable to such proceeds.

## FACTS

7. Supplemental Rule G(2)(f) requires this complaint to state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. Such facts and circumstances supporting the seizure and forfeiture of the defendants are contained in Exhibit A which is attached hereto and incorporated by reference.

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff requests that the Court issue an *in rem* warrant of arrest for the defendants; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the defendants; that the defendants be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and for such other and further relief as this Court deems proper and just.

The United States hereby requests that trial of the above entitled matter be held in the City of Wichita, Kansas.

    Respectfully submitted,

    Stephen R. McAllister
    United States Attorney

    */s/ Annette Gurney*
    ANNETTE GURNEY #11602
    Assistant United States Attorney
    1200 Epic Center, 301 N. Main
    Wichita, Kansas 67202
    (316) 269-6481
    annette.gurney@usdoj.gov

## DECLARATION

I, Benjamin Gatrost, am a Special Agent with the United States Department of Homeland Security, Immigrations and Customs Enforcement, Homeland Security Investigations. I have read the contents of the foregoing Complaint for Forfeiture, and the exhibit thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 21st day of December, 2018.

Benjamin Gatrost
Special Agent
Department of Homeland Security
Homeland Security Investigations

Molly Elizabeth Armstead

MOLLY ELIZABETH ARMSTEAD
Notary Public – Notary Seal
Clay County – State of Missouri
Commission Number 10979724
My Commission Expires Dec 11, 2020

## AFFIDAVIT IN SUPPORT OF A COMPLAINT FOR FORFEITURE

I, Benjamin Gatrost, a Special Agent for the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) being of lawful age, having first duly sworn upon my oath, do hereby depose and state:

1. I am a Special Agent with Homeland Security Investigations (HSI) in Kansas City, Office of Immigration and Customs Enforcement (ICE); and have been so employed since August 16, 2009. I was employed as a law clerk to the Honorable Robert Beaird, 16th Circuit Court of Jackson County, Missouri for approximately two and one-half years prior to becoming a Special Agent. I graduated from the University of Central Missouri in 2004 with a Bachelor of Science in Criminal Justice. I graduated from the University of Missouri at Kansas City, School of Law in 2007, with a Juris Doctor degree. I was admitted to the Missouri Bar as a licensed attorney in 2007, and was admitted to the Kansas Bar as a licensed attorney in 2008. In April 2015, I was appointed as an officer in the United States Air Force Reserve, as a Judge Advocate General/military attorney. During the course of my employment, I have participated in immigration cases to include harboring, document fraud, transporting aliens, and related criminal violations. I have also conducted investigations involving controlled substances, firearms, theft of intellectual property, and financial violations, which led to the prosecution of suspects. I have been assigned to the Anti-Trafficking Coordination Team (ACTeam), a taskforce run by the United States Attorney's Office, consisting of members from FBI, HSI, U.S. Department of Labor, U.S. Citizenship and Immigration Services, and other partner agencies tasked with investigating allegations of forced labor and sex trafficking.

2. This affidavit is in support of a Complaint For Forfeiture for the following:

1

      A. The contents of Cornerstone Bank account # xxxx069, styled as Canadian West, d/b/a Century Roofing in the approximate amount of $488,074.56, which were seized on or about June 14, 2016.

      B. The contents of Cornerstone Bank account # xxxx077, styled as Canadian West, d/b/a Century Roofing in the approximate amount of $2,643.96, which were seized on or about June 14, 2016.

      C. The contents of Arvest Bank account # xxxxx836, styled as BC Roofing, LLC., in the approximate amount of $3,073.45, which were seized on or about June 14, 2016. The funds are currently in the custody of ICE.

      D. Approximately $5,410.00 in United States currency recovered from the Century Roofing office on or about June 14, 2016.

The above funds are currently in the custody of ICE and deposited with United States Customs and Border Protection (CBP).

    3. This affidavit is based upon information I have gained through the investigation, my training and experience, as well as information from other federal law enforcement officers, local and/or state law enforcement officers and cooperating individuals all of whom I believe to be reliable, which information resulted in the prosecution of individuals in District of Kansas Case No. 16-20051-JAR for violations that included 8 U.S.C. § 1324. As a result of the investigation and prosecution, I have probable cause to believe that the property identified in paragraph 2, above, constitutes the gross proceeds derived from violations of 8 U.S.C. § 1324 or property traceable to such proceeds.

    4. Records from the Kansas Secretary of State show that Canadian West, Inc. was formed in Kansas on May 7, 1990, and Century Roofing is a business entity used by Canadian West, Inc. to conduct business  The Articles of Incorporation named Tom Keaton of Shawnee, Kansas as the first director. During 1990 through June 2016, Tom Keaton (Keaton) and Graziano Cornolo (Cornolo) were the principal owners of the company, which engaged in a roofing business in the District of Kansas.

5. Interviews, surveillance and review of bank records of Canadian West, Inc., d/b/a Century Roofing indicated the company used primarily undocumented workers who were paid in cash to complete roofing projects.

6. As part of the investigation, bank records maintained by Arvest Bank and Cornerstone Bank for Canadian West d/b/a Century Roofing were reviewed. A total of thirteen accounts were reviewed and were found to have received deposits obtained or derived from violations of Title 8 U.S.C. § 1324(a)(1)(A)(iii) and (iv) (Harboring Illegal Aliens). Three of these accounts are identified in paragraph 2, above.

7. Cornerstone Bank account No. xxxx069, styled as Canadian West, Inc., d/b/a Century Roofing operating account, a business checking account, was opened on July 3, 2012. The authorized signers listed on the signature card are Graziano Cornolo, Tommy F. Keaton and Mary Lou Smith. The records for this account were reviewed for the period of July 3, 2012, through December 31, 2015.

8. A review of the deposits into Cornerstone Bank account No. xxxx069 shows deposits of checks from Century Roofing customers. The total amount in deposits into this account is approximately $66,090,574.81 during July 3, 2012 through December 31, 2015.

9. A review of the withdrawals shows approximately $635,045.98 was paid to Martinez Roofing LLC, via business checks during July 3, 2012 through December 31, 2015. Additionally, bank records show that $3,031,257.10 was paid to BC Roofing LLC, via business checks during July 3, 2012 through December 31, 2015.

10. Alberto Diaz is a citizen and national of Mexico who was a crew leader for Century roofing who operated under the name of Martinez Roofing, LLC and BC Roofing, LLC. Diaz worked at Century Roofing from approximately 2009 to 2016.

11. Arvest Bank account xxxxx836, styled as BC Roofing LLC, was a business checking account. The authorized signer listed on the signature card was Adriana Hernandez-Martinez and the account was opened on February 13, 2013. A review of the deposits into this account showed approximately $3,083,702.76 was deposited during February 13, 2013 through December 31, 2015. Approximately $3,031,257.10 was comprised of business checks from Canadian West, Inc., d/b/a Century Roofing drawn on Cornerstone Bank account xxxx069.

12. A review of the withdrawals out of Arvest Bank account xxxxx836 showed approximately $3,076,621.08 was withdrawn during February 13, 2013 through December 31, 2015. The majority of these withdrawals were checks paid out to approximately seventeen workers who are suspected to be unlawfully present in the United States based on surveillance and information from past crew leaders. Adriana Hernandez-Martinez (Hernandez-Martinez) was interviewed regarding the employees of BC Roofing LLC. She said that in 2013, her husband Martinez-Diaz was hired by Century Roofing. She explained that Martinez-Diaz formed BC Roofing LLC under her name. She said each pay period Century roofing made a check payable to BC Roofing LLC and Martinez-Diaz then paid each one of the employees from the BC Roofing LLC account. Hernandez-Martinez also said that Century Roofing knew that Martinez-Diaz was illegally in the country because they were previously notified by Immigration. Martinez-Diaz was interviewed by law enforcement and confirmed that many of his employees were unlawfully present in the United States. Many of his employees were processed or documented for immigration violations on June 14, 2015.

13. Cornerstone Bank account No. xxxx077, styled as Canadian West Inc., d/b/a Century Roofing Payroll Account, a business checking account, was opened on July 3, 2012. The authorized signers listed on the signature card are Graziano Cornolo, Mary Lou Smith, and

Tommy F. Keaton. The records for this account were reviewed for the period of July 3, 2012, through December 31, 2015.

14. A review of the deposits into this account shows transfers from Cornerstone Bank operating account No. xxxxx69. The total amount of transfers from the operating account into this payroll account during July 3, 2012 through December 31, 2015, was approximately $6,376,248.82.

15. A review of the withdrawals out of this account shows approximately $6,732,180.95 was paid out in payroll checks to the employees the company reported to the Kansas Department of Labor during July 3, 2012 through December 31, 2015.

16. As a result of the investigation, seizure warrants were issued out of the District of Kansas for the bank accounts identified in paragraph 2, and the respective amounts were seized from the accounts on June 14, 2016. Additionally, search warrants were issued and approximately $5,410.00 in United States currency was recovered from the Century Roofing office on or about June 14, 2016.

17. On June 8, 2016, Tommy Keaton, Graziano Cornolo, and Alberto Diaz-Hernandez were indicted on charges that included violations of 8 U.S.C. § 1324 in District of Kansas Case No. 16-20051-JAR.

18. On November 28, 2016, Diaz-Hernandez pled guilty to an Information which charged one count of violating 18 U.S.C. §4 (misprision). On February 13, 2017, Diaz-Hernandez was sentenced to a term of probation.

19. On February 16, 2017, Keaton pled guilty to Count 13 of the Indictment in Case No. 16-20051-JAR, which charged a violation of 8 U.S.C. 1324. As part of Keaton's plea

agreement, Keaton agreed to the forfeiture of the property identified in paragraph 2, items A, C, and D, above. On May 22, 2017, was sentenced to 12 months and 1 day.

20. On March 10, 2917, Cornolo pled guilty to an Information in Case No. 16-20051-JAR, which charged a violation of 8 U.S.C. 1324. As part of Cornolo's plea agreement, Cornolo agreed to the forfeiture of the property identified in paragraph 2, above. On March 14, 2017, was sentenced to a term of probation.

21. Based on the information set forth herein, I have probable cause to believe that the property identified in paragraph 2, above, constitutes proceeds of violations of Title 8 U.S.C. § 1324(a), or property traceable thereto, and, therefore, is subject to forfeiture pursuant to Title 18 U.S.C. § 1324(b).

Benjamin Gatrost
Special Agent
Department of Homeland Security
Homeland Security Investigations
Kansas City, Missouri

Sworn before me this 21st day of December, 2018.

MOLLY ELIZABETH ARMSTEAD
Notary Public – Notary Seal
Clay County – State of Missouri
Commission Number 10979724
My Commission Expires Dec 11, 2020

Notary Public